**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RODRICK FINLEY; and  PLAINTIFFS
CHRIS GARNER

v.   No. 4:16CV00928 JLH

GREGORY LAWN & GARDEN, INC.,
d/b/a Gregory Polaris d/b/a Bryant Polaris;
BART GREGORY; and ROBERT GREGORY   DEFENDANTS

## OPINION AND ORDER

Rodrick Finley and Chris Garner bring this action against their former employer—Gregory Lawn & Garden, Inc.—and its corporate officers—Bart Gregory and Robert Gregory—alleging violations of the Fair Labor Standards Act, the Arkansas Civil Rights Act, and the Arkansas Minimum Wage Act; common law claims for outrage and battery; and a claim pursuant to Ark. Code Ann. § 16-118-107(a)(1), which permits a person injured by the felonious conduct of another to recover damages. Gregory Lawn & Garden, Inc., and Bart Gregory then filed a counterclaim against Finley alleging common law claims for breach of fiduciary duty and conversion; and Bart Gregory alleges common law claims for assault and battery. Finley has filed a motion to dismiss the claims for breach of fiduciary duty and conversion. For the following reasons, the motion is granted in part and denied in part.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The Court accepts as true all of the factual allegations contained in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). The complaint must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

The following facts are alleged in the counterclaim. Finley worked for Gregory Lawn & Garden, mostly in the repair facility at the Bryant store, from about August 12, 2014, until December 6, 2016. Finley was a technician and worked in assembly. The counterclaim arises out of two separate incidents: First, Finley threw fireworks at Bart Gregory and shot bottlerockets into the ceiling of the repair facility. Second, Finley used the company credit card to put gas into his own vehicle on multiple occasions.

Finley argues that the counterclaim fails to state a claim for breach of fiduciary duty. "A person standing in a fiduciary relationship with another is subject to liability to the other for harm resulting from a breach of the duty imposed by the relationship." *Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 33, 381 S.W.3d 21, 43. "A fiduciary relationship exists between two persons, one of whom has a duty to act for the benefit of another and owes the other duties of good faith, trust, confidence, and candor." 1 Howard W. Brill & Christian H. Brill, Ark. Law of Damages § 15:3 (6th ed. 2015). Certain relationships give rise to a fiduciary duty as a matter of law, such as the attorney-client relationship and the trustee-beneficiary relationship. *See Cole v. Laws*, 349 Ark. 177, 186, 76 S.W.3d 878, 883 (2002); *Hosey v. Burgess*, 319 Ark. 183, 189, 890 S.W.2d 262, 265 (1995). The nature of these relationships involves a variety of duties performed for the benefit of only one of the

2

parties in the relationship. *Id*. A fiduciary's obligations include a duty of loyalty, a duty to deal impartially with the beneficiary, and a duty to exercise reasonable care. *See Sexton Law Firm, P.A. v. Milligan*, 329 Ark. 285, 298, 948 S.W.2d 388, 395 (1997). Whether a fiduciary relationship exists is a question of law. *Long v. Lampton*, 324 Ark. 511, 520, 922 S.W.2d 692, 698 (1996).

>Professor Brill has explained:
>
>Fiduciary obligations traditionally arise in three situations. First, the relationship is created when one person entrusts his money or property to another with the understanding that the other will use the funds for the benefit of the entrustor or at least in a manner consistent with the entrustor's wishes. Second, the relationship exists because of the attributes inherent in certain relationships, including attorney-client, guardian-ward, trustee-beneficiary, executor-heir, principal-agent, and insurer-insured. Third, the facts and circumstances of a particular relationship may give rise to a fiduciary relationship. The party claiming the existence of a fiduciary or confidential relationship has the burden of establishing the facts supporting such a relationship. The superior position may arise from intellectual, physical, financial, governmental, moral, or other factors.

1 Howard W. Brill & Christian H. Brill, Ark. Law of Damages § 15:3 (6th ed. 2015) (footnotes omitted).

In the employment context, the Arkansas Supreme Court has held that an employee owes a fiduciary duty to the employer when the employee is in a position of some authority. *Id*. (citing *Pennington v. Harvest Foods, Inc.*, 326 Ark. 704, 934 S.W.2d 485, 495 (1996) ("[A] manager owes a fiduciary duty to his business.")). In *Tandy Corp. v. Bone*, the court held that it was not error for the trial court to instruct the jury that the manager of a Radio Shack owed his employer, the business, a fiduciary duty. 283 Ark. 399, 410, 678 S.W.2d 312, 318 (1984). *See also Stuart C. Irby Co. v. Tipton*, 796 F.3d 918, 922 (8th Cir. 2015) (holding that as the branch manager, the plaintiff employee owed a fiduciary duty under Arkansas law precluding him from recruiting other employees to join a competing company); *Vigoro Indus., Inc. v. Crisp*, 82 F.3d 785, 788-89 (8th Cir. 1996) (holding that district court did not err in holding that Arkansas law imposed a duty of loyalty

3

on the manager of a business, which precluded him from soliciting other employees or customers to leave the business with him); *Stine v. Sanders*, 987 S.W.2d 289, 297 (1999) (holding that there was evidence to show that manager "stood in a relation of trust and confidence" to her employers and therefore could be liable for punitive damages based on her fraudulent representations in connection with forming a competing business). But the Arkansas Court of Appeals held in *Infinity Headwear & Apparel v. Coughlin* that the circumstances of the case—sales manager e-mailed to himself files from employer's database before leaving the company—did not support "an independent, free-standing breach-of-loyalty claim." 2014 Ark. App. 609, 4, 447 S.W.3d 138, 141.

Gregory Lawn & Garden and Bart Gregory's breach of fiduciary duty claim is based on the fireworks incident:

> 20. Finley's conduct, as hereinabove described, including but not limited to, damaging the ceiling of the Company's premises and throwing fireworks at employees on company time, constitutes a breach of Finley's duty of loyalty as an employee of Gregory Lawn & Garden.

Document #13 at 3, ¶5. The counterclaim does not allege that Finley was in a position of authority; rather it alleges that Finley worked in assembly and in the repair shop as a technician. Nor does the counterclaim allege Finley was entrusted with money or property or that he had a superior position due to intellectual, physical, financial, governmental, moral or other factors. Nothing in the counterclaim alleges facts that would give rise to a fiduciary duty. Finley's actions of throwing fireworks at Gregory and shooting fireworks into the ceiling may constitute another tort, but those actions did not breach a fiduciary duty.

Finley also argues that the counterclaim fails to state a claim for conversion. Arkansas law defines conversion as "the exercise of dominion over property in violation of the rights of the owner or person entitled to possession." *City of Nat'l Bank v. Goodwin*, 301 Ark. 182, 187, 783 S.W.2d

335, 337 (1990) (internal quotations omitted). Finley says that the counterclaim does not state a claim for conversion because the allegations are conclusory and unsupported by specific facts, "which should include when Finley used the card and what amount he allegedly spent." Document #19 at 5. The counterclaim alleges:

> 23. Finley, intentionally and without authority, wrongfully converted and misappropriated Gregory Lawn & Garden's property by putting gas in his own vehicle on the Company credit card without permission to his own advantage . . .

Document #13 at 3, ¶23. This allegation is sufficient to state a claim for conversion: Finley wrongfully possessed another's property. *See Godwin v. Churchman*, 305 Ark. 520, 529, 810 S.W.2d 34, 38 (1991).

## CONCLUSION

For the foregoing reasons, Finley's motion to dismiss is GRANTED IN PART and DENIED IN PART. Document #15. Count I of the counterclaim for breach of fiduciary duty is dismissed without prejudice.

IT IS SO ORDERED this 26th day of April, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE